Frances Rzepa
vs. } No. 79541
Eugene Schlesinger

January 2, 1931.

CAPOTOSTO, J. In an action of deceit based upon the fraudulent representations made by the defendant in the sale of a rooming house, the jury returned a verdict for the plaintiff in the sum of $3,000. The only ground of his motion for a new trial which the defendant urged at the hearing of said motion was that the damages were excessive.

The defendant's attorney showed good judgment in not contesting liability. The defendant's case reeks with perjury. In all its experience, both on the bench and in the attorney general's office, the Court never came across a more brazen attempt to cheat and defraud a defenceless woman than in this case. Conspiracy, forgery and perjury ran rampant in an attempt to retain that which was illegally obtained. The Court would have been remiss in its duty to the public and to itself had it not referred the matter to the attorney general's department for criminal proceedings.

The question of damages deserves consideration. It is quite natural if the jury decided to punish the defendant severely in so far as it was within its power for his unscrupulous conduct. The restraint which the jury excusably failed to exercise must, however, guide the Court in reviewing the question of damages.

The defendant received $1750 from the plaintiff for a rooming house which at the time of sale was represented as bringing in $68 a week in rentals. After the purchase price was paid and the plaintiff went into possession, she discovered that the actual income was but $15 a week. Expert testimony was presented to the effect that a rooming house with an income of only $15 a week has no market value as a rooming house. The only value would be what the furniture could be sold for in the open market. The furnishings of this particular house were appraised at between $300 to $400. As the plaintiff saw fit to remain in possession, she should pay a reasonable amount for the furniture. The sum of $300 seems fair compensation for the furniture in this Aladdin rooming house. The plaintiff, therefore, suffered an actual loss of $1450.

The balance of the verdict, or $1550, undoubtedly represents punitive damages. In this particular instance the Court excuses the jury's liberality but with regret finds that its award is excessive. A substantial money punishment should be added to the actual damages suffered as a deterrent to the defendant and others of his type. One-half the sum assessed by the jury, or $775, would represent a more conservative award by way of a reminder for future dealings. The plaintiff, therefore, is entitled to her actual damages of $1450 plus an additional $775 as punitive damages, or a total sum of $2225.

If the plaintiff within five days remits all of said verdict in excess of $2225, the defendant's motion for a new trial is denied, otherwise it is granted upon all grounds.

For plaintiff: Augustine H. Downing.

For defendant: Isadore S. Horenstein.